## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK SUN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TUMI HOLDINGS, INC., CLAIRE M. BENNETT, CHRISTOPHER J.L. FIELDING, JEROME GRIFFITH, JOSEPH R. GROMEK, THOMAS H. JOHNSON, MICHAEL J. MARDY, ALEXANDER W. SMITH, SAMSONITE INTERNATIONAL S.A., and PTL ACQUISITION INC.,<br><br>Defendants. | Case No. 2:16-cv-02184-JMV-JBC |

## STIPULATION OF DISMISSAL AND [PROPOSED] ORDER

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in connection with the proposed acquisition of Tumi by Samsonite International S.A. ("Parent") and its wholly-owned subsidiary, PTL Acquisition Inc. ("Merger Sub," and together with Parent, "Samsonite") pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around March 3, 2016 (the "Transaction");

WHEREAS, the Action asserted claims for violations of sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by Defendants alleged to have been made in Tumi's Preliminary Proxy Statement (the "Proxy") filed with the SEC on or around March 24, 2016;

WHEREAS, on or around May 13, 2016, Tumi filed a Revised Preliminary Proxy Statement that Plaintiff believes addressed and mooted his claims regarding the sufficiency of the disclosures in the Proxy;

WHEREAS, it is the current intention of counsel for Plaintiff to submit an application for an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application") in connection with the mooted claims;

WHEREAS, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee and Expense Application;

WHEREAS, Plaintiff did not serve the complaint on Samsonite, however, Samsonite's counsel has represented to all other parties that Samsonite agrees to this Stipulation and Proposed Order;

WHEREAS, no class has been certified in the Action, which contained two counts, each of which were brought individually by Plaintiff Sun against the defendants

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiffs or attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this 28th day of July, 2016 that:

2

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to Plaintiff.

2. Because the dismissal is with prejudice as to Plaintiff only, and the only claims brought in the Action were brought only individually by Plaintiff and not on behalf of a putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiff's forthcoming Fee and Expense Application, if that becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee and Expense Application, which includes the Defendants' right to challenge the basis for, as well as the amount of, the Fee and Expense Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee and Expense Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding plaintiffs' fee and expense application at a time convenient to the Court.

7. If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: July 19, 2016

OF COUNSEL:

**RIGRODSKY & LONG, P.A.**
Seth D. Rigrodsky
Brian D. Long
Gina M. Serra
Jeremy J. Riley
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

OF COUNSEL:

**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
Edward B. Micheletti
Jenness E. Parker
920 North King Street
P.O. Box 636
Wilmington, Delaware 19899-0636
(302) 651-3000

**LEVI & KORSINSKY, LLP**

By: */s/ Donald J. Enright*
Donald J. Enright
235 Main Street
Hackensack, NJ 07601
(973) 265-1600

*Attorneys for Plaintiff*

**MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP**

By: */s/ Thomas F. McGuane*
Thomas F. McGuane
One Hovchild Plaza
4000 Rt. 66, 4th Floor
Tinton Falls, NJ 07753

*Attorneys for Defendants Tumi Holdings,
Inc., Claire M. Bennett, Christopher J.L.
Fielding, Jerome Griffith, Joseph R.
Gromek, Thomas H. Johnson, Michael J.
Mardy, and Alexander W. Smith*

IT IS SO ORDERED this 28th day of July, 2016.

John Michael Vazquez
United States District Judge